## SPIVEY *vs.* McGEHEE et al.

1. A writ of *ne exeat* was granted in a chancery cause, upon complainants' entering into bond conditioned that they should "prosecute their said bill and writ to effect," or, failing therein, should pay to the defendant all such costs and damages as he might "sustain from the wrongful filing of said bili, or the wrongful suing out of said writ of *ne exeat.*" The defendant having brought suit on the bond, *it was held*, that, although the condition of the bond was not complied with by merely prosecuting the bill to effect, yet an order discharging the defendant from custody under the writ, upon his delivering up to complainant certain slaves in his possession, was not such a failure to prosecute said writ to effect, as would entitle the defendant to maintain an action on the bond for damages.

ERROR to the Circuit Court of Macon.

Tried before the Hon. JNO. GILL SHORTER.

ABNER McGEHEE filed a bill in chancery against Eli B. W. Spivey to foreclose a mortgage on certain slaves, and prayed a writ of *ne exeat* to prevent the defendant from removing with the slaves beyond the limits of the State. This writ was granted, upon complainant's entering into bond conditioned "according to law"; and a bond was accordingly given, with the following condition : " Now, if the said complainants shall prosecute their said bill and writ to effect, or, failing therein, shall well and truly pay, or cause to be paid, to the said Spivey, all such costs and damages as he shall sustain from the wrongful filing of said bill, or the wrongful suing out of said writ of *ne exeat*, then this obligation to be void," &c. After the coming in of defendant's answer, an order was made in the cause, "that upon defendant's delivering to complainant the mortgaged negroes remaining in his possession, the sheriff of Russell do release and discharge said defendant from custody under said writ of *ne exeat*" ; and under this order the defendant was discharged from custody, upon his delivering up to the sheriff four of the mortgaged negroes. Upon the final hearing, an account of the mortgage debt was ordered, and a sale of the mortgaged slaves decreed,

After the final decree in the chancery cause, the defendant therein brought an action at law on the bond, for damages; and he introduced in evidence, on the trial, the papers in said chancery cause showing the facts above recited. The court charged the jury, at the request of the defendant's counsel, that, if they believed all the evidence, the plaintiff could not recover; to which charge the plaintiff excepted, and he now assigns it for error.

BELSER & RICE, for plaintiff in error.

N. W. COCKE, *contra.*

CHILTON, C. J.—The evidence is all set out in the bill of exceptions taken upon the trial, and the court charged the jury, in substance, that if they believed it all, they should find for the defendants. The question is, as to the legality of the charge, when considered in connection with the facts.

The condition of the bond, alleged in the declaration to have been broken, is, to prosecute "the *bill and writ to effect,* and, in the event the complainants fail therein, that they shall pay to the defendant all such costs and damages as he may sustain by the wrongful suing out of the said writ of *ne exeat,*" &c.

We do not agree with the counsel for the defendant, that the condition is complied with by merely prosecuting the *bill to effect.* The complainants may have had a very good ground for equitable relief, arising out of their unsatisfied mortgage; but it by no means follows, that there was any necessity for the writ of *ne exeat.* The condition was, therefore, very properly made to include both, and was broken if either was not prosecuted to effect, if the damages and costs consequent thereupon were not paid.

Upon looking, however, more narrowly into the record, we have concluded, against our first impression, that the record shows a compliance with the condition as to the prosecution of both the bill and writ to effect. The record no where shows that the writ of *ne exeat* was discharged. It is true, the person of the defendant was ordered to be released from the custody of the sheriff, upon his delivering over to the complainant the four slaves which he had in his posses-

sion, on the 11th of June, 1846, and which slaves the Chancellor very erroneously concluded were sufficient to satisfy the mortgage debt. But the facts, that he was required to surrender such slaves as the condition of his release from custody, and that the slaves so surrendered were sold, and the proceeds made available to satisfy, *pro tanto*, the mortgage debt, show that the writ was not made powerless by its discharge, but was made to accomplish a beneficial result to the complainants. At all events, it was made effectual to place the four slaves, which were sold, in the possession of the sheriff. Whether such an order was correct or not, is a question not before us, and consequently one upon which we express no opinion; all we now decide is, that the order found in the record, for the defendant's release from custody under the writ, upon surrendering certain slaves, is not such a failure to prosecute the writ to effect, as entitled Spivey to maintain this action for damages, within the meaning of the condition of the bond.

Our opinion is, that, under the facts presented by the bill of exceptions, the charge of the court was proper; and the judgment must be affirmed.